Brian Brown, Pro-Se
723 3rd St
Needles CA 92363

(520) 831-0985

Plaintiff Pro-Se

FILED
2023 JUN 13 AM 11: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: ___

FEE PAID

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIAN BROWN

    Plaintiff,

vs.

CITY OF NEEDLES, BERNARD HATZ II,

    Defendants.

Case No. ED CV 23 - 01118-AB(RAO)

COMPLAINT

1. Violation of Civil Rights
2. False Arrest/False Imprisonment
3. Monell Claim

DEMAND FOR JURY TRIAL

    Plaintiff Brian Brown, by and through his undersigned attorneys, hereby brings this action under 42 U.S.C. § 1983 and state law against Defendants City of Needles and City of Needles Code Enforcement Officer Bernard Hatz II in both his official and his individual capacity, to redress his civil and legal rights as follows:

### INTRODUCTION

    1.    While acting in his official capacity as a code enforcement officer for Defendant City of Needles Code Enforcement Officer Bernard Hatz II, falsely arrested Plaintiff Brian Brown, violating Claimant's rights under the 4th Amendment to U.S. Constitution, Article I, §13 of the California Constitution, and Penal Code §236. Officer Hatz arrested Claimant to retaliate against Plaintiff for exercising free speech.

    2.    Plaintiff seeks relief under the Civil Rights Act of 1871, as amended, codified in 42 U.S.C. § 1983, for violation of his rights secured by the United States Constitution, including the First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of

California.

3. Plaintiff seeks compensatory, general and exemplary damages, injunctive relief, an award of costs, attorney fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought under 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's supplemental jurisdiction, under 28 U.S.C.§ 1367, over any and all state law claims and as against all parties so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

6. Venue in this district is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) in that defendant City of Needles is administratively located within this district, and the events giving rise to this claim occurred within the Central District.

## PARTIES

7. Plaintiff Brian Brown is, and at all times mentioned in this complaint was, citizen of the United States, residing in the City of Needles, County of San Bernardino, State of California.

8. At all relevant times, Defendant City of Needles was a municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement. Defendant City of Needles was at all relevant times the public employer of Defendant Bernard Hatz II.

9. At all relevant times, Defendant Bernard Hatz II was a duly appointed and acting officer, servant, employee, and agent of Defendant City of Needles.

## NOTICE OF CLAIM

10. Plaintiff timely filed a Government Tort Claim with the City of Needles, setting forth the facts underlying Plaintiff's claims against the City of Needles and City of Needles code enforcement officer Bernard Hatz II.

2
Complaint

Doc ID: b382aac6104ff7abdc4f6e94d9fbcb8c9ee5b27b

11. The City of Needles rejected Plaintiff's claim on December 13, 2022, and mailed notice of the rejected claim to Plaintiff's representative on December 14, 2022.

12. This action has been commenced within six months of the date that notice of the rejection of Plaintiff's Government Tort Claim was deposited in the mail.

### FACTUAL ALLEGATIONS

13. On April 29, 2022, at 6:30 AM, Plaintiff's minor daughter woke him up, informing him that a man was taking photos through her window at Plaintiff's home at 723 3rd St, Needles California, 92363.

14. Plaintiff immediately checked, but did not see anyone present. He then reviewed security video footage, which revealed a man removing the cover from his daughter's bedroom window and taking pictures. The individual appeared to be a City of Needles Code Enforcement Officer.

15. Plaintiff reported the incident to both the San Bernardino County Sheriff's Department and the City of Needles.

16. Plaintiff sent an email to the clerk and city manager of the City of Needles, and requested prior notification of when case code enforcement planned to enter Plaintiff's property.

17. A few days later, while at a local cannabis company located at 2208 Needles Hwy, where Plaintiff was working as a third-party vendor for his video production/marketing company, Plaintiff encountered code enforcement officer Bernard Hatz, II

18. Officer Hatz approached Plaintiff and demanded that Plaintiff cease and desist posting videos on YouTube and Plaintiff's website until Officer Hatz determined their legality.

19. Plaintiff informed Officer Hatz that he lacked the authority to make such demands, to which Officer Hatz replied, "If you mess with one of us, you mess with all of us."

20. On May 21, 2022, Plaintiff filed a complaint against Bernard Hatz for harassment with the city manager and clerk.

21. On May 24, 2022, at 6:45 AM, Plaintiff was awoken by the sounds of a man and two women yelling. Plaintiff's girlfriend entered the house and informed Plaintiff that two suspicious-looking individuals had entered Plaintiff's backyard after opening the gate.

22. Plaintiff exited the house and confronted Officer Hatz, accompanied by a woman not in uniform.

23. Plaintiff demanded that Officer Hatz and the woman vacate his property and questioned their purpose for being there, as well as the warrant authorizing their entry.

24. Officer Hatz merely laughed and claimed he had warned Plaintiff. Officer Hatz threatened to arrest Plaintiff for hindering his investigation.

25. In response, Plaintiff retrieved his phone to record the incident as evidence.

26. Plaintiff challenged Officer Hatz to leave his property and expressed his disdain by calling Officer Hatz a lying piece of sh**t.

27. Plaintiff allegedly told Officer Hatz, When you take off that uniform, I'm going to beat your ass.

28. Plaintiff's statement, if actually made, was entirely conditional, and did not communicate an immediate intention to harm Officer Hatz.

29. Officer Hatz responded fearlessly by saying, "Then bring it on!

30. Officer Hatz called the San Bernardino Sheriff's Department, and made false statements to the responding sheriff's deputy that Plaintiff had threatened immediate harm to him, including threatening Officer Hatz with a rock.

31. Officer Hatz performed a citizen arrest, which caused Plaintiff to be arrested and charged with violation of California Penal Code § 422(a).

32. As a result of Officer Hatz' actions, Plaintiff was taken into custody and imprisoned by the San Bernardino County Sheriff's Department.

33. Officer Hatz was acting in his official capacity as a City of Needles Code Enforcement Officer at the time he caused Plaintiff to be arrested.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of Right To Freedom of Speech and Unreasonable Seizure**

**(Against Officer Bernard Hatz II in Both His Official and Individual Capacity)**

34. The contents of the above paragraphs are incorporated herein by reference as if

Doc ID: b382aac6104ff7abdc4f6e94d9fbcb8c9ee5b27b

fully set forth herein.

35. By his conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to freedom of speech, assembly, and association under the First and Fourteenth Amendments, Officer Bernard Hatz II is liable for violation of 42 U.S.C.§ 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

36. Officer Bernard Hatz II violated Plaintiff's First Amendment rights to assembly, speech, and association and Fourth Amendment right to free from unreasonable seizure of his person, by arresting Plaintiff in retaliation against Plaintiff, because Plaintiff exercised his free speech right to publish videos on YouTube, and demand that Officer Hatz get off his property.

37. As a consequence of Officer Bernard Hatz II's actions, Plaintiff has suffered violations of his First, Fourth, and Fourteenth Amendment rights to free speech, assembly, and association, and to be free from unreasonable seizure of his person. Plaintiff fears that he will be subject to similar unlawful acts by Officer Bernard Hatz II or other members of the Needles Department of Code Enforcement to limit and prevent his First Amendment protected activities.

38. As a proximate result of Officer Bernard Hatz II's unlawful actions, Plaintiff has suffered damages including physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## COUNT II

### False Arrest/False Imprisonment

**(Against Officer Bernard Hatz II in Both His Official and Individual Capacity)**

39. The contents of the above paragraphs are incorporated herein by reference as if fully set forth herein.

40. Penal Code § 236 provides that false imprisonment is the unlawful violation of the personal liberty of another. A person is liable for false imprisonment if he or she " 'authorizes, encourages, directs, or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest . . . .' " (*Du Lac v. Perma Trans Products, Inc.* (1980) 103 Cal.App.3d 937, 941, internal citation omitted.) Where a

defendant "knowingly [gives] the police false or materially incomplete information, of a character that could be expected to stimulate an arrest" . . . "such conduct can be a basis for imposing liability for false imprisonment." (*Id.* at p. 942.)

41. Penal Code § 422(a) makes it a crime to willfully threaten to cause great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety.

42. Officer Hatz intentionally caused Plaintiff to be arrested without a warrant for violation of Penal Code § 422, by making false claims to the San Bernardino County Sheriff deputy that Plaintiff threatened Officer Hatz with immediate harm and threatened him with a rock.

43. Plaintiff was actually harmed, because he was taken to jail and prosecuted.

44. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

45. Defendant Hatz acted with malice, oppression, or fraud when he made a false statement to the San Bernardino County Sheriff deputy to cause Plaintiff's arrest.

## COUNT III

### *Monell* Claim (Against City of Needles)

46. The contents of the above paragraphs are incorporated herein by reference as if fully set forth herein.

47. All of the acts and omissions by Code Enforcement Officer Bernard Hatz II described above were carried out under policies and practices of Defendant City of Needles that existed at the time of the conduct alleged, and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of Defendant City of Needles.

48. Defendant City of Needles, by its policy-making agents, servants, and employees, authorized, sanctioned and/or ratified Defendant Bernard Hatz II's wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

49. The acts complained of were carried out by Defendant Bernard Hatz II in his capacity as a Code Enforcement Officer under the customs, policies, usages, practices, procedures, and rules of Defendant City of Needles.

50. The aforementioned customs, practices, procedures, and rules of Defendant City of Needles and the Needles Department of Code Enforcement include, but are not limited to arresting citizens without probable cause in retaliation for the content of their speech in public and private forums.

51. The existence of these unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged, and/or condoned by supervisory and policy-making officials of Defendant City of Needles and the Needles Department of Code Enforcement including Officer Bernard Hatz II.

52. The constitutional violations by the City of Needles, through the actions of the Needles Department of Code Enforcement and Code Enforcement Officer Bernard Hatz II, were proximately caused by the policies, practices, and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City of Needles, including the failure to: (1) adequately supervise and train its officers and agents, including Officer Bernard Hatz II, thereby failing to adequately discourage constitutional violations on the part of its officers and agents; and (2) properly monitor and discipline its officers, including Officer Bernard Hatz II.

53. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

54. Defendants have acted with deliberate indifference to Plaintiff's constitutional rights. As a proximate result of these acts, Plaintiff's constitutional rights have been violated, which caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

55. Plaintiff has no adequate remedy at law and will suffer serious irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful practices, policies, and/or customs that have proximately caused these abuses to occur.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial pursuant to the Seventh Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brian Brown prays for judgment against Defendants as follows:

1. An injunction enjoining defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with, or prevent the lawful First Amendment activities of Plaintiff;

2. An award of compensatory damages in an amount according to proof.

3 An award of general damages in an amount according to proof.

4. An award of exemplary damages against Defendant Hatz in his individual capacity;

5. An award of attorney fees under 42 U.S.C. § 1988;

6. An award of costs of suit under 42 U.S.C. §§ 1920 and 1988; and

7. For other such other and further relief as the Court deems appropriate and just.

Dated: June 8, 2023

Brian Brown, Plaintiff